# UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Peter Lendway

Plaintiff(s),

v.

United States (Government)

Defendant.

No: 1:05-cv-01963 RMC

RESPONSE TO MOTION TO VACATE/MOTION FOR SUMMARY JUDGMENT

ALTERNATIVE MOTION TO BIFURCATE

Plaintiff hereby responds:

Defendant has filed a totally frivolous motion to dismiss this action.

Defendant presents the following issues, all of them totally frivolous.

1. That I/we seek a refund of all taxes.
2. That I/we seek an injunction against further tax collection.
3. That I/we seek declaratory relief.
4. That I/we seek damages for alleged "wrongful collection" of federal taxes.

As shown below counsel misreads, misunderstands, mischaracterizes and misrepresents plaintiffs' complaint. All of the grounds counsel alleges are frivolous. Defendant's motion fails on each grounds, as follows:

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**SHOULD BE TREATED AS MOTION FOR SUMMARY JUDGMENT**

Plaintiff(s) assert(s) that because the motion to dismiss in the instant case raises issues outside the Complaint, the instant motion must be treated, and decided, as a motion for summary judgment.

Peter Lendway v United States (Government) No. 1:05-cv-01963

Page 1 of 18

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE

RECEIVED

JUL 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Fed.R.Civ.P. 12(b)(6) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. ... the court presumes that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor.

Defendants' motion through misreading, misunderstanding, mischaracterization and misrepresentation, attempts to convert the instant damages action into a refund action/injunctive relief action neither brought nor intended. In deciding a motion for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure,

> "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As interpreted by the courts, the Rule requires that

> "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

Neal v. Kelly, 963 F.2d 453, at 456 (D.C. Cir. 1993) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

Movant (United States) has failed to include affidavits containing factual assertions of a person competent to testify, having personal knowledge of facts. Plaintiffs have

Peter Lendway v United States (Government) No. 1:05-cv-01963

Page 2 of 18

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE

supported their pleadings with sworn affidavit and the factual assertions therein must be accepted as true.

The defendants' motion not being supported as provided in Rule 56 rests upon mere allegations. The court presuming that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor and plaintiff having filed a verified Complaint supported by affidavit, Summary judgment, if appropriate, should be entered in Plaintiff's favor.

**12(b)(6) MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) a claim may be dismissed on only two grounds: (1) it asserts a legal theory that is not cognizable as a matter of law, or (2) it fails to allege sufficient facts to support a cognizable legal claim. Therefore, in order for the Court to dismiss for failure to exhaust administrative remedies under 12(b)(6) failure to exhaust must assert a legal theory that is not cognizable as a matter of law, or failure to exhaust must be an issue of fact.

The Court has held that failure to exhaust is an issue of law and may be decided by the court[1]. To be decided as a matter of law under 12(b)(6) failure to exhaust must rise to the level of asserting a legal theory that is not cognizable as a matter of law. In both Masterson v. United States of America, D.D.C. 05-1807 (JDB); and Turner v. United States, D.D.C. 05-1716 (JDB), (upon which Masterson relied), the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not

[1] The Court did not identify the criteria upon which it used to make the decision that failure to exhaust fails as a matter of law. It appears that the courts decision was arbitrary and was made in the absence of facts to support the court's decision.

Peter Lendway v United States
(Government) No. 1:05-cv-01963

Page 3 of 18

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

cognizable as a matter of law[2]. Therefore, even if failure to exhaust is an issue of law the instant matter cannot be dismissed for failure to exhaust because it does not rise to the level of asserting a legal theory that is not cognizable as a matter of law.

As plaintiffs understand, failure to exhaust is not an issue that asserts a legal theory that is not cognizable as a matter of law.

Pursuant to Turner which cites as a district precedent Koerner (dual cases), which were held to have set forth sufficient facts to survive a failure to state a claim motion. Koerner was improperly dismissed for want of subject matter jurisdiction. As shown below failure to exhaust is not jurisdictional. Thus, the court did have subject matter jurisdiction and the dismissal was improper. The instant case is indistinguishable from Koerner. Therefore Koerner is precedent with respect to adequacy of the instant Complaint, resulting in a similar finding.

Rule 12(b)(6) requires that if there is even one fact that remains unsettled a Rule 12(b)(6) motion fails. Thus if even one of the factual allegations contained in plaintiff's complaint remain unsettled then a 12(b)(6) motion must fail.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F. 3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting

[2] Therefore Mastern, Turner, Keorner, Scott, etc were all improperly dismissed because the court has held that failure to exhaust is not jurisdictional and the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law. Therefore, dismissal pursuant to 12(b)(6) was also improper.

taxpayer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

Plaintiff(s) emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an assessment, **NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment). Thus, even though the court may find that the plaintiff(s) may have failed to exhaust administrative remedies, administrative remedies is only one of the factual issues raised in plaintiff's complaint upon which the court may decide. As set forth above when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

If, as the defendant asserts, "Plaintiff's case is one of more than 70 known cases filed in this Court with identical or nearly identical complaints, Mastrerson, Turner and Koerner being among those "identical or nearly identical" cases, then pursuant to Koerner failure to state a claim is settled in that plaintiff's complaint sets forth sufficient facts to survive a failure to state a claim motion.

**EXHAUSTION REQUIREMENT HELD TO BE NONJURISDICTIONAL**

Peter Lendway v United States
(Government) No. 1:05-cv-01963

Page 5 of 18

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

Defendant has filed frivolous claim that failure to exhaust deprives this court of subject matter jurisdiction. Counsel has knowledge that this issue is settled that the exhaustion requirement is held to be nonjurisdictional.

In Masterson v. United States of America, D.D.C. 05-1807 (JDB); and Turner v. United States, D.D.C. 05-1716 (JDB), (upon which Masterson relied), the Court cited "recent Supreme Court jurisprudence" Arbaugh v. Y & H Corp., 126 S.Ct. 1235, (2006), quoting, in Turner:

To guide courts in that inquiry, Arbaugh adopted a clear-statement rule:

> [W]e think it the sounder course to ... leave the ball in Congress' court. If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left lo wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Turner held the exhaustion requirement nonjurisdictional. If, as counsel asserts, "Plaintiff's case is one of more than 70 known cases filed in this Court with identical or nearly identical complaints, Mastrerson , Turner and Koerner being among those "identical or nearly identical" cases, the exhaustion requirement, is settled as being nonjurisdictional.

**RECOGNIZED EXCEPTION TO EXHAUSTION**

**REQUIREMENT SHOULD BE HELD APPLICABLE**

Masterson and Turner (upon which Masterson relied), both cited, in addition to Arbaugh, *supra*, McCarthy v. Madigan, 503 U.S. 140 (regarding exception(s) to an exhaustion requirement), and Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (regarding a court's supposed inability to excuse a mandated exhaustion requirement).

Peter Lendway v United States
(Government) No. 1:05-cv-01963

Page 6 of 18

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

Recognizing that McCarthy and Avocados Plus are, in essence, the two legs upon which Plaintiff's case will stand, Plaintiff will discuss McCarthy's "agency bias" issue, apparently hinging upon the question of whether the Court may, in the McCarthy Court's words, "decline the exercise of jurisdiction which is given" in greater detail below.

Plaintiff proceeds to discuss, in the interim, the Turner/Masterson Courts' interpretation of Avocados Plus' apparent prohibition which, with all due respect, appears to be in error, as illustrated in recent D.C. Circuit jurisprudence.

In Spinelli v. Goss, ___ F. 3d. ______, D.C. Circuit No. 05-5270 (DC No. 00cv00408), (May 5, 2006), the D.C. Circuit Court of Appeals also cited McCarthy (indirectly), and Avocados Plus, clarifying those cases. First, the D.C. Circuit stated:

> [A] court may "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)).

Rather than asking the Court to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise," we are asking the Court to take judicial notice of Spinelli's immediately following sentence:

> Such "jurisdictional exhaustion," as we have called it, may not be excused. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (internal quotation marks omitted).

The D.C. Circuit's interpretation of its own ruling in Avocados Plus is that the Court is unable to excuse "jurisdictional exhaustion." However,

Based upon Masterson, and Turner (upon which Masterson relied), there is no issue of "Such 'jurisdictional exhaustion,'" to be "excused" in the instant case.

In Masterson, the Court was clear:

> At the outset, it is important to note that, in accordance with recent Supreme Court jurisprudence, the issue presented does not technically concern subject matter jurisdiction...

In Turner (based on Arbaugh, and forming the basis for Masterson), the Court found that the issue of exhaustion of the administrative remedy is nonjurisdictional. Turner, slip op., 7, having previously stated (Turner, slip op., 6, citing Arbaugh, at 1244) that:

> "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; if the fact is jurisdictional, the trial judge may be authorized to resolve the factual dispute, but disputes regarding predicate facts for the claim generally are tried to a jury."

The Arbaugh Court was more explicit:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ."

In finding fact(s) upon which to decide the McCarthy "agency bias" exception issue of law, the Court will note that the McCarthy Court stated:

> This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion. 503 U.S. 146
>
> ***
>
> [A]n administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. *Gibson v. Berryhill,* 411 U.S. at 575, n. 14; *Houghton v. Shafer,* 392 U.S. 639, 640; *Association of National Advertisers, Inc. v. FTC,* 201 U.S. App.D.C. 165, 170-171, 627 F.2d 1151, 1156-1157, *cert. denied,* 447 U.S. 921 (1980). *See also Patsy v. Florida International University,* 634 F.2d 900, 912-913 (CA5 1981) (en banc), *rev'd on other grounds, Patsy v. Board of Regents of Florida,* 457 U.S. 496 (1982). 503 U.S. 148, 149

Thus, agency bias being an issue of fact denies the court jurisdiction to dismiss pursuant to a 12(b)(6) motion because the issue of bias being an issue of fact remains unsettled and should be tried to the jury.

## SERVICE WAS SUFFICIENT

Counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...". Even if service was insufficient the remedy is to allow plaintiff(s) to reserve not dismiss.

Dismissal on grounds of insufficiency of service should be denied.

## OTHER GROUNDS

Counsel alleges that the Court does not have subject jurisdiction over plaintiffs' claim for a tax refund. Counsel alleges that plaintiff(s) have/has not alleged that they fully paid their tax liabilities. Counsel alleges that plaintiffs seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. Counsel further alleges that plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further tax collection activities.

Counsel's above cited allegations are patently frivolous. Before plaintiffs can claim a refund of taxes due plaintiffs must have paid taxes, which implies that the IRS must have assessed taxes due. Before plaintiffs can have a tax liability the IRS must have assessed taxes due. Before plaintiffs can seek an order enjoining any further tax collection activities the IRS must have assessed taxes due. In the instant matter counsel has not made a showing that there are any properly assessed taxes due. In the absence of procedurally properly assessments the IRS is not engaged in the collection of taxes, the IRS is seeking an unlawful exaction in the guise of a tax, i.e. felony extortion. In the absence of a procedurally proper assessment counsel's argument is patently frivolous. The existence of a procedurally proper assessment is an issue of fact that must be tried to a trier of fact.

Dismissal on the above frivolous grounds should be denied.

**ALTERNATIVE MOTION TO BIFURCATE**

In the event that the court deems Rule 56 inapplicable, based upon the foregoing, plaintiff moves the Court to "bifurcate"[3] the instant case; to investigate the applicability of a bias exception to the nonjurisdictional exhaustion requirement. Plaintiff asserts that the facts related in plaintiff's complaint, verified by plaintiff's affidavit, establish a factual basis that IRS - an agency not party to the instant action - is biased.

As and for further showing such bias, the Court is requested to take judicial notice of Internal Revenue Service Policy P-5-36, published in the Internal Revenue Manual, at 1.2.1.5.9. The Service Policy states:

[3] As plaintiff understands this term, the Court would first look into the threshold issues of exhaustion/exception, and, based upon the findings therein, determine whether to move on to the next phase; liability.

"(1) Returning money wrongfully collected: This Policy Statement has been revoked."

There can be no clearer articulation of the Defendant's agency's general bias: IRS Policy is to refrain from returning amounts unlawfully collected.

Agency bias is further shown by the fact that the defendant's agency ignores many of its other Policies as a matter of course, to wit:

Defendant's agency routinely disregards Service Policy P-5-2(3), which purports a "commitment to observe both the spirit as well as the letter of all legal requirements, including the Taxpayer Bill of Rights I and II and the IRS Restructuring and Reform Act of 1998", yet no IRS publication, publicly available, notifies Citizens of the right to pursue damages under section 7433, let alone any reference to administrative procedures.

Defendant's agency routinely disregards Service Policy P-1-1, Mission of the Service (IRM 1.2.1.2.11):

> (1) Mission of the Service: Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.

Defendant's agency has demonstrated bias against me by ignoring my repeated efforts to gain an understanding of possible responsibilities through examination of IRS records identifying me; failing to comply with Service Policy P-1-1.

Defendant's agency routinely disregards Service Policy P-5-2 (IRM 1.2.1.5.2):

> (1) COLLECTING PRINCIPLES: All our decisions about collecting must be guided by these principles. To the extent that they are, we will succeed in our mission.
>
> (2) SERVICE AND ASSISTANCE-All taxpayers are entitled to courteous, responsive, and effective service and assistance in all their dealings with the Service. We will actively assist taxpayers who try to comply with the law, and work

to continually improve the quality of our systems and service to meet the needs of our customers. All taxpayers, whether delinquent or fully compliant, are entitled to prompt and professional service whenever they deal with Service employees.

(3) TAXPAYER RIGHTS-We will observe taxpayers' rights, including their rights to privacy and to fair and courteous treatment. This affirms our commitment to observe both the spirit as well as the letter of all legal requirements, including the Taxpayer Bill of Rights I and II and the IRS Restructuring and Reform Act of 1998. Taxpayers will be protected from unauthorized disclosure of information.

(4) COMPLIANCE-The public trust requires us to ensure that all taxpayers promptly file their returns and pay the proper amount of tax, regardless of the amount owed: The public as a whole is our customer, not just delinquent taxpayers. Our customers expect us to promote voluntary compliance by ensuring that all promptly pay their fair share. Employees should work with taxpayers to meet all their filing and paying requirements, not only the delinquency at hand. This involves identifying and addressing non-compliance to prevent future delinquencies. All types of taxpayers (individual and business) who fail to timely file their returns or pay their fair share of taxes must resolve both current and delinquent taxes to be considered compliant.

(5) CASE RESOLUTION-While we will actively assist taxpayers to comply, we will also take appropriate enforcement actions when warranted to resolve the delinquency. To resolve a case, good judgment is needed to make sound decisions on the appropriate action needed: All taxpayers are required to pay by the due date of the return. From a broad range of collecting tools, employees will select the one(s) most appropriate for each case. Case resolution, including actions such as: lien, levy, seizure of assets, installment agreement, offer in compromise, substitute for return, summons, and IRC 6020(b), are important elements of an effective compliance program. When it is appropriate to take such actions, it should be done promptly, yet judiciously, and based on the facts of each case.

Defendant's agency has demonstrated bias against me/us by failing to be guided, in collecting, by the principles listed in Service Policy P-5-2; by failing to assist me/us in my/our attempts to comply with the law; by failing to observe my/our rights, including my/our rights to privacy and to fair and courteous treatment; by failing to work with me/us to meet any filing and paying requirements; by failing to determine when and whether it was appropriate to take actions such as: lien, levy, seizure of assets, installment agreement, offer in compromise, substitute for return, summons, and IRC 6020(b), based on the facts of my/our case; by failing to comply with Service Policy P-5-2.

Peter Lendway v United States (Government) No. 1:05-cv-01963

Page 12 of 18

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE

Defendant's agency routinely disregards Service Policy P-5-16 (IRM 1.2.1.5.3):

> (1) Forbearance when reasonable doubt exists that assessment is correct: Whenever a taxpayer raises a question or presents information creating reasonable doubt as to the correctness or validity of an assessment, reasonable forbearance will be exercised with respect to collection provided (1) adjustment of the taxpayer's claim is within control of the Service, and (2) the interests of the Government will not be jeopardized.

Defendant's agency has demonstrated bias against me/us by failing to exercise reasonable forbearance, ignoring my/our repeated efforts to verify any claim of obligation through examination of IRS assessment records; failing to comply with Service Policy P-5-16.

Defendant's agency routinely disregards Service Policy P-5-34:

> (1) Collection enforced through seizure and sale of the assets occurs only after thorough consideration of all factors and of alternative collection methods: The facts of a case and alternative collection methods must be thoroughly considered before determining seizure of personal or business assets is appropriate. Taxpayer rights must be respected. The taxpayer's plan to resolve past due taxes while staying current with all future taxes will be considered. Opposing considerations must be carefully weighed, and the official responsible for making the decision to seize must be satisfied that other efforts have been made to collect the delinquent taxes without seizing. Alternatives to seizure and sale action may include an installment agreement, offer in compromise, notice of levy, or lien foreclosure. Seizure action is usually the last option in the collection process.
>
> (2) All seizures will be approved by the Chief, Collection Division, with other specific seizures also requiring District Director, Assistant District Director, or Counsel approval, or court order.

Defendant's agency has demonstrated bias against me/us by failing to thoroughly consider the facts of my/our case(s); by failing to obtain approval of the Chief, Collection Division for any seizures and by failing to obtain approval for other specific seizures from District Director, Assistant District Director, or Counsel approval, or court order; by

engaging in enforced collection efforts in the absence of record evidence to support such actions; failing to comply with Service Policy P-5-34.

Defendant's agency routinely disregards Service Policy P-5-47 (IRM 1.2.1.5.13):

> (1) Notices of lien generally filed only after taxpayer is contacted in person, by telephone or by notice: *** All pertinent facts must be carefully considered as the filing of the notice of lien may adversely affect the taxpayer's ability to pay and thereby hamper or retard the collection process.
> (2) *****.
> (3) Other notice of lien filing requirements: A notice of lien must be filed:
>
> 1. prior to instituting levy action on property in possession of the taxpayer; and
> 2 prior to service of final demand for payment if there is reasonable probability that suit may later be instituted.

Defendant's agency has demonstrated bias against me/us by failing to carefully consider all pertinent facts; by failing to file a Notice of Lien prior to instituting a levy action; by failing to comply with Service Policy.

Defendant's agency routinely disregards Service Policy P-6-20 (IRM 1.2.1.6.7):

> (1) Information provided taxpayers on the application of the tax law: The Service will develop and conduct effective programs to make available to all taxpayers comprehensive, accurate, and timely information on the requirements of tax law and regulations.
> (2) Positive efforts will be made to determine taxpayers' needs and to effectively meet these needs. Information will be provided through a variety of means, including telephone and office assistance programs, mass media and taxpayer publications.

Defendant's agency has demonstrated bias against me/us by failing to provide me/us with information on the application of the tax law, refusing my/our requests for comprehensive, accurate, and timely information on the requirements of tax law and regulations; by failing to make positive efforts to determine my needs and to effectively meet those needs; failing to comply with Service Policy.

Defendant's agency routinely disregards Service Policy P-6-21 (IRM 1.2.1.6.8):

> (1) Educational programs provided: The Service will conduct taxpayer education programs for taxpayers whose needs for tax information are most effectively met by these means.
>
> (2) These educational programs will include those established to assist individuals in meeting their current and future tax obligations, as well as programs designed to instruct groups of taxpayers or prospective taxpayers on their rights and responsibilities under the tax law or on specific tax provisions of common interest.

Defendant's agency has demonstrated bias against me/us by failing to conduct education programs; by failing to instruct me/us on rights and responsibilities under the tax law or on specific tax provisions; by failing to comply with Service Policy.

Defendant's agency routinely disregards Service Policy P-10-42 (IRM 1.2.1.10.4):

> (1) All bona fide complaints or allegations will be investigated: An investigation will be made of all bona fide complaints or allegations of misconduct or irregularities concerning Service officials or employees and in certain instances investigations may be made of non-Service personnel when their actions may affect the integrity of the Service.

Defendant's agency has demonstrated bias against me/us by refusing to investigate my/our complaints or allegations of misconduct or irregularities; by failing to comply with Service Policy.

The Court will note that McCarthy found that:

> Even where the administrative decision making schedule is otherwise reasonable and definite, a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim. Bowen v. City of New York, 476 U.S. at 483; Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 773 (1947)

McCarthy, at 147

As part of the "bias phase" the Court should determine whether I/we "may suffer irreparable harm if unable to secure immediate judicial consideration" of my/our claim.

Peter Lendway v United States
(Government) No. 1:05-cv-01963

Page 15 of 18

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE

Defendant's agency has demonstrated general bias by failing to prescribe the administrative procedure necessary to give effect to section 7433, as originally added, for over three years after Congress enacted TBOR I. Treasury Decision 8392, 57 FR 3536, necessary from and after November 10, 1988, was not promulgated until January 30, 1992, and might not have been effective until February 18, 1992.

Defendant's agency has demonstrated general bias by failing to amend the regulation to reflect Congress' intent in TBOR II, at all.

Defendant's agency has demonstrated general bias by failing to promulgate the current regulation for more than four years and nine months after Congress' re-amendment in TBOR III. As amended by T.D. 9050, 68 FR 14320, the current 301.7433-1 was not promulgated until March 25, 2003.

Defendant's agency has demonstrated bias by attempting to impose a jurisdictional prerequisite omitted by Congress.

Defendant's agency's bias is best illustrated in March v. Internal Revenue Service -- 335 F.3d 1186 (2003):

> "[T]he IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n.2. In other words, the IRS gets the benefit of a presumption that they admit is likely false."

As part of the "bias phase" the Court should consider this factual admission against interest in determining whether my/our "interest(s) in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further"; McCarthy, p. 146, citing West v. Bergland, 611 F.2d 710, 715 (CA8 1979), cert. denied, 449 U.S. 821 (1980). The Court should consider this factual

Peter Lendway v United States
(Government) No. 1:05-cv-01963

Page 16 of 18

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

admission against interest in determining whether defendant's reliance upon "the benefit of a presumption that [IRS] admits is likely false" should override those interests.

***

Finally, the Court is requested to take judicial notice of published reports and testimony of the Treasury Inspector General for Tax Administration, showing that, from 2000 through 2005, defendant's agency made no monetary settlements to any claimant.

*****

For the above reasons plaintiff(s) request(s) the Court treat the defendants' motion to dismiss as a Motion for Summary Judgement and Summary judgment, if appropriate, should be entered in plaintiff's favor, or in the alternative bifurcate and allow a trier of fact to make a determination as to IRS bias.

Respectfully,

Dated 7-7, 2006

Peter Lendway
215 W Central Dr.
Braham, MN 55006

On the above inscribed date before the undersigned, a Notary Public for the State of Minnesota, personally appeared, Peter Lendway, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

Notary, State of Minnesota

STEPHEN A. STROM
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2010

Peter Lendway v United States (Government) No. 1:05-cv-01963

Page 17 of 18

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Pat Genis
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated July 10, 2006

Peter Lendway

Peter Lendway v United States (Government) No. 1:05-cv-01963

Page 18 of 18

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE