UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER LENDWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-1963 (RMC) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION

Plaintiff Peter Lendway filed a *pro se* complaint on October 3, 2005, alleging that the Internal Revenue Service ("IRS"), "in connection with the collection of federal tax beginning with 'tax year' 1998[,] recklessly, intentionally or by reason of negligence disregarded" various provisions of Title 26 of the U.S. Code. Compl. ¶ 1. His complaint is among the scores of nearly identical *pro se* complaints filed in the U.S. District Court for the District of Columbia over the past year seeking a refund, damages, and injunctive relief against further collection of federal taxes. *Id.* ¶¶ 30-33; *see, e.g.*, *Gaines v. United States*, 424 F. Supp. 2d 219, 221 (D.D.C. 2006) (collecting cases). On November 30, 2005, Mr. Lendway also applied for a preliminary injunction.

On February 13, 2006, the Court, having heard no response to the complaint or injunction application, ordered the Government to show cause why the requested relief should not be granted. The Court's deadline came and went and, on May 1, 2006, with the Government still silent, Mr. Lendway moved for entry of default and again for preliminary injunctive relief. Default was entered on May 3, 2006. On May 19, 2006, the Government moved to set aside the default,

opposed the application for a preliminary injunction, and moved to dismiss the complaint on the grounds that (1) service was improper, thus explaining its delayed response; (2) Mr. Lendway's failure to exhaust his administrative remedies bars his refund and damages claims; and (3) the Anti-Injunction Act, 26 U.S.C. § 7421, bars his request for injunctive relief.

Advised by the Court of the consequences of failing to respond to a dispositive motion, Mr. Lendway filed an opposition, to which the Government has now replied. For the following reasons, the Court will set aside the Clerk's entry of default, grant Mr. Lendway leave to complete service of process, grant in part and deny without prejudice in part the Government's motion to dismiss, deny the application for a preliminary injunction, and direct Mr. Lendway to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.

## I. LEGAL STANDARDS

The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

In considering a request for preliminary injunctive relief, a court must examine whether "(1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will substantially injure the other party; and (4) the public interest will be furthered by the injunction." *Serono Labs. Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). "These factors interrelate on a sliding scale and must be balanced against each other." *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 360-61 (D.C. Cir. 1999). A particularly strong showing on one or more factors can mitigate a weaker showing on another. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995); *Wash. Metro. Area Transit Comm'n v. Holiday Tours*, 559 F.2d 841, 843-45 (D.C. Cir. 1977). A preliminary injunction is "an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004).

## II. DISCUSSION

### A. The Default Must be Set Aside

Default judgments are disfavored by modern courts. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, under Federal Rule of Civil Procedure 55(c), so long as judgment has not yet been entered, a default may be set aside for "good cause shown." *Id.* (quoting Fed. R. Civ. P. 55(c)). The Government neglected to respond to the complaint for more than six months, but excuses this delay by explaining that service of process was faulty in that Mr. Lendway personally served the Attorney General and U.S. Attorney, and failed to serve the IRS at all.

Proper service of process (or waiver of service) is a prerequisite to the Court's exercise of personal jurisdiction over a defendant. *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*,

526 U.S. 344, 350 (1999). Federal Rule of Civil Procedure 4(c)(2) provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added). Here, Mr. Lendway filed returns of service indicating that he *personally* served the Attorney General and U.S. Attorney by certified mail. He argues that this is sufficient under Rule 4(i), which prescribes the manner for serving the United States and its agencies. But compliance with Rule 4(i), which deals with whom to serve when the federal government is a defendant, does not relieve a plaintiff from the independent burden to comply with Rule 4(c), which addresses who may accomplish that service. *Otto v. United States*, No. 05-2319, 2006 U.S. Dist. LEXIS 54494, at *4-5 (D.D.C. June 28, 2006); *Perkel v. United States*, No. 00-4288, 2001 U.S. Dist. LEXIS 465, at *2 (N.D. Cal. Jan. 9, 2001).

The Government argues that this error is sufficient to warrant dismissal of Mr. Lendway's complaint. Cognizant of its responsibility to afford wide latitude to *pro se* litigants to perfect service of process, however, the Court is disinclined to dismiss the complaint on this ground, finding that granting Mr. Lendway leave to properly serve the Government is a more appropriate course. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876-77 (D.C. Cir. 1993). But in view of the error in effecting service, the preference for resolving disputes on their merits, the absence of any indication that the Government's delay was willful or that setting aside the default would prejudice Mr. Lendway, and the apparent validity of the Government's defense, the Court finds good cause to set aside the Clerk's entry of default. *See Jackson*, 636 F.2d 831, 836 (D.C. Cir. 1980) (stating standard).

**B. Damages Claims**

Mr. Lendway invokes the subject matter jurisdiction of the Court pursuant to 26 U.S.C. § 7433, which provides a cause of action for damages for certain violations of Title 26. Compl. ¶ 1. That statute provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in [26 U.S.C. §] 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). Section 7433 also explicitly requires that administrative remedies be exhausted as a predicate to suit: "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* § 7433(d)(1). The IRS, in turn, has promulgated regulations that mandate that damages actions under § 7433 "may not be maintained unless the taxpayer has filed an administrative claim." 26 C.F.R. § 301.7433-1(a). Administrative claims must be submitted to the "Area Director, Attn: Compliance Technical Support Manager" and must include, *inter alia*, the grounds for the claim, a description of the injury incurred, including a dollar amount, and any substantiating documentation. *Id.* § 301.7433-1(e)(2). Until the IRS rules on a properly filed claim, or six months pass without a ruling, no civil action for damages will lie. *Id.* § 301.7433-1(d); *see also Gaines*, 424 F. Supp. 2d at 222 (describing statutory and regulatory scheme); *Turner v. United States*, 429 F. Supp. 2d 149, 151 (D.D.C. 2006) (same).

Here, Mr. Lendway asserts only in the most conclusory fashion that he has satisfied the exhaustion requirement. *See* Compl. ¶ 6 ("Plaintiff(s) has/have exhausted all administrative remedies . . . ."); *id.* ¶ 24 ("Administrative claims which plaintiff(s) filed with the [IRS] and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies . . . ."); *id.* ¶ 28 ("Plaintiff(s) have exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the defendant . . . . Plaintiff(s) received no timely response from either the [IRS] or the Secretary of the Treasury."). He provides no specific information, either in his complaint or his opposition to the Government's motion to dismiss, about the dates or contents of these administrative claims. The Government argues that these bare-bones allegations are insufficient for Mr. Lendway to "me[e]t his burden to prove exhaustion of remedies." Def.'s Mot. at 10.

It is generally the case, however, that "because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (concerning the Back Pay Act); *see also Mondy v. Sec'y of Army*, 845 F.2d 1051, 1058 n.3 (D.C. Cir. 1988) (Title VII); *Brown v. Marsh*, 777 F.2d 8, 12-13 (D.C. Cir. 1985) (same). Here, although the Government has certainly pleaded this defense, it has offered little in the way of proving it. But on the present facts, requiring more of the Government would simply place it in the awkward position of having to prove a negative. *See Schoenman v. FBI*, No. 04-2202, 2006 U.S. Dist. LEXIS 14905, at *38-39 (D.D.C. Mar. 31, 2006); *Williams v. McCausland*, No. 90-7563, 1994 U.S. Dist. LEXIS 353, at *10 n.1 (S.D.N.Y. Jan. 18, 1994) ("To argue that a proposition or fact can be proven by the lack of evidence to the contrary is to commit the fallacy of argumentum ad ignorantium, since no conclusion can be drawn concerning

the truth or falsity of a proposition due to the absence of proof."). Therefore, in consideration of the conclusory nature of Mr. Lendway's exhaustion allegations, the virtual identity of his complaint to the dozens of other complaints recently filed in this district, and the lack of information from which the Government might deduce more specifics about Mr. Lendway's administrative claims — such as his taxpayer identification number, the dates of his purported attempts to exhaust, and the basis and dollar amounts of those claims — the Court will order him to produce such information. The Court will therefore deny without prejudice the Government's motion to dismiss Mr. Lendway's damages claims for failure to exhaust.

### C. Refund Claims

Section 7433, on which Mr. Lendway explicitly relies for jurisdiction, provides a cause of action for damages, but not for a refund. For the latter relief, the appropriate statutory provision is 28 U.S.C. § 2846, which vests jurisdiction in the district courts over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 2846(a)(1); *United States v. Dalm*, 494 U.S. 596, 602 (1990). The right to bring such an action, however, is limited by 26 U.S.C. § 7422, which provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). The Supreme Court has explained that, "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed . . . , a suit for refund . . . may not be maintained in any court." *Dalm*, 494 U.S. at 602; *see also Flora v. United States*, 362 U.S. 145, 177 (1960) (requiring full payment of a tax assessment before an income tax refund suit can be maintained district court). The Court has described this requirement as one of administrative exhaustion. *United States v. Williams*, 514 U.S. 527, 532-33 (1995) ("Under 26 U.S.C. § 7422, a party may not bring a refund action without first exhausting administrative remedies . . . .").

The Government argues that Mr. Lendway's failure to allege that he has filed an administrative claim for a refund should bar his refund claims here. However, for the reasons explained above in addressing the damages claims, the Court will instead order Mr. Lendway to provide additional information — such as his taxpayer identification number, the dates of his purported attempts to exhaust, the basis and dollar amounts of those claims, and evidence that he paid any tax assessments in full. Accordingly, the Court will deny without prejudice the Government's motion to dismiss Mr. Lendway's refund claims for failure to exhaust.

**D. The Anti-Injunction Act Bars Injunctive Relief**

Mr. Lendway lastly seeks an order "enjoining the [IRS] . . . from engaging in any further collection activity . . . until all claims are fully resolved and the return of all sums wrongfully collected" occurs. Compl. ¶ 33. The Government argues that this request is barred by the Anti-Injunction Act ("AIA"), which provides that

> no suit for the purpose of restraining the assessment or collection of
> any tax shall be maintained in any court by any person, whether or not
> such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a); *see also Hibbs v. Winn*, 542 U.S. 88, 102-03 (2004). The Court agrees.

The AIA "serves twin purposes: It responds to the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference; and it require[s] that the legal right to the disputed sums be determined in a suit for refund." *Id.* at 103 (citations and internal quotation marks deleted; brackets in original). Although the Act contains a number of statutory exceptions, none of those exceptions is relied upon by Mr. Lendway. *Compare* 26 U.S.C. § 7421(a) (listing exceptions) *with* Compl. ¶ 7 (alleging twenty-one violations, none of which falls within the § 7421(a) exceptions). A district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Anti-Injunction Act." *Gardner v. United States*, 211 F.3d 1305, 1311 (D.C. Cir. 2000).

In addition to the statutory exceptions, the Supreme Court has recognized two judicial exceptions to the AIA: when the plaintiff has no "alternative legal way to challenge the validity of a tax," *South Carolina v. Regan*, 465 U.S. 367, 373 (1984), and when "it is clear that under no circumstances could the Government ultimately prevail, . . . and . . . equity jurisdiction otherwise exists," *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962); *see also Nat'l Taxpayers Union v. United States*, 68 F.3d 1428, 1436 (D.C. Cir. 1995) (quoting *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) ("The basic doctrine of equity jurisprudence [is] that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.")). Mr. Lendway has invoked neither exception, nor could he successfully. He is ineligible for the *South Carolina* exception because, as noted earlier, he can challenge the validity of his tax assessments[1] by filing a refund claim. *See South Carolina*,

---

[1] Mr. Lendway's argument that the Government's "fail[ure to] make an assessment of income tax(s) [sic] against plaintiff(s) . . . renders [the AIA] inapplicable" is unpersuasive. *See* Pl.'s Applic. for Prelim. Inj. at 1; Pl.'s Opp'n to Def.'s Mot. at 5. "Nothing in the [AIA] conditions its

465 U.S. at 374-76. The *Williams Packing* exception is unavailing for much the same reason: Mr. Lendway has an adequate legal remedy, in the form of a refund claim, to challenge any improper collection of taxes, and he makes no showing that he will face irreparable harm if required to pay his taxes in full before claiming a refund. *See Nat'l Taxpayers Union*, 68 F.3d at 1436. Moreover, Mr. Lendway has failed to demonstrate that the Government could under no circumstances prevail here — for example, by adducing facts suggesting that the IRS has flouted the tax code or imposed taxes with no basis in fact. *See Williams Packing*, 370 U.S. at 7; *Investment Annuity v. Blumenthal*, 609 F.2d 1, 5 (D.C. Cir. 1979) (placing this burden on the plaintiff).

Accordingly, preliminary relief is unwarranted and the Court will deny Mr. Lendway's application for a preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, the Court will set aside the Clerk's entry of default, grant Mr. Lendway leave to complete service of process, grant in part and deny without prejudice in part the Government's motion to dismiss, deny the application for a preliminary injunction, and direct Mr. Lendway to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.

A separate Order accompanies this Memorandum Opinion.

Date: August 23, 2006                                      /s/
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge

---

applicability on an antecedent determination of withholding status by the IRS" and "[c]ourts have found the [AIA] to apply in numerous cases where the IRS had yet to make a final determination of the plaintiff's tax liability." *Int'l Lotto Fund v. Va. State Lottery Dep't*, 20 F.3d 589, 592 (4th Cir. 1994).